FILED
United States Court of Appeals
Tenth Circuit

April 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ERIC HUNSAKER,

Plaintiff - Appellant,

v.

FNU ALEXANDER, Sergeant;
SCOTT CARVER; CLINT S. FRIEL;
DORI GRANGE; FNU KNORR,
Correctional Officer; FNU CUDE,
Correctional Officer; BRYCE
DEGIULIO; MIKE KELLY;
MICHAEL ROBINSON, LPC; KEVIN
ALEXANDER, Sergeant,

Defendants - Appellees.

No. 12-4157

(D.C. No. 2:10-CV-00710-CW)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Plaintiff David Hunsaker, an inmate of the Utah Department of Corrections,

appeals from a decision of the United States District Court for the District of Utah

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1) granting summary judgment to Defendant Kevin Alexander on Hunsaker's Eighth Amendment claim and (2) denying Hunsaker the opportunity to amend his complaint because his failure to exhaust administrative remedies would render an amendment futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Hunsaker filed suit under 42 U.S.C. § 1983, alleging that Alexander violated his Eighth Amendment right to be free of cruel and unusual punishment. He claimed that while he was incarcerated at the Utah State Prison on November 30, 2006, Alexander, a guard, threw him against a wall, threatened him with additional violence, held him while two other guards cut off his clothes, wrapped a sheet around him, and left him in a holding cell for several hours. Alexander filed an answer and submitted a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (approving district-court procedure of requiring prison officials named in civil-rights lawsuits to investigate and report to court on relevant facts at outset of case), showing that Alexander was not on duty on November 30, and that Hunsaker had never filed a grievance in connection with the alleged incident.

In response, Hunsaker conceded that Alexander had not been the culprit and requested permission to substitute as defendant an officer he now believed to have been the assailant. As to exhaustion, Hunsaker alleged in a motion for a subpoena that he had been denied requested prison forms during the period within

which he was required to file a grievance. But he did not submit a sworn statement or any other evidence to substantiate this allegation.

The district court granted summary judgment to Alexander and dismissed Hunsaker's case without granting leave to amend to substitute defendants. Because Hunsaker had neither exhausted his administrative remedies nor presented evidence that such remedies were unavailable, the court concluded that "it would be futile to allow Plaintiff to further amend his complaint to name a new defendant." R., Vol. 1 at 243 (Memorandum Decision & Order at 8, *Hunsaker v. Alexander*, No. 2:10-cv-00710-CW (D. Utah Aug. 22, 2012)).

On appeal from a summary judgment, we review the district court's decision de novo, "applying the same standards that the district court should have applied." *Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011) (internal quotation marks omitted). Summary judgment is appropriate if the pleadings and the record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See id.*

Hunsaker does not dispute the dismissal of Alexander, so the only issue before us is whether it was proper to deny his motion to amend because of his failure to exhaust. The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for violation of his federally protected rights. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). There is no question that Hunsaker failed to exhaust available administrative remedies. Although "an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy," *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (brackets and internal quotation marks omitted), Hunsaker produced no evidence of such misconduct.

On appeal Hunsaker quotes prison regulations that he claims support his assertion that grievance procedures were rendered "unavailable" to him. But he did not present these regulations to the district court. "Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal," *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009), and we decline to do so here.

Accordingly, any claim by Hunsaker in an amended complaint would be doomed for lack of exhaustion. And when amending a complaint would be futile, the district court may properly refuse to allow the amendment. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

We AFFIRM the district court's judgment, DENY Hunsaker's motion to proceed *in forma pauperis*, and order immediate payment of the filing fee.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge