FILED
United States Court of Appeals
Tenth Circuit

June 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DAVID ERIC HUNSAKER,

     Plaintiff - Appellant,

v.

KEVIN ALEXANDER, Sergeant,

     Defendant - Appellee,

and

FNU ALEXANDER, Sergeant; SCOTT CARVER; CLINT S. FRIEL; DORI GRANGE; FNU KNORR, Correctional Officer; FNU CUDE, Correctional Officer; BRYCE DEGIULIO; MIKE KELLY; MICHAEL ROBINSON, LPC,

     Defendants.

No. 14-4013

(D.C. No. 2:10-CV-00710-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument under Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

Plaintiff David Eric Hunsaker, proceeding pro se, appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion for relief from judgment.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Hunsaker filed suit under 42 U.S.C. § 1983, alleging that in 2006 Defendant Kevin Alexander violated his Eighth Amendment right to be free of cruel and unusual punishment. Hunsaker later conceded that Alexander was not the true culprit. The district court then (1) granted summary judgment to Alexander and (2) denied Hunsaker the opportunity to amend his complaint because doing so would be futile in light of Hunsaker's failure to exhaust his administrative remedies. We affirmed. See Hunsaker v. Alexander, 520 F. App'x 717, 718 (10th Cir. 2013) (unpublished). We concluded "[t]here is no question that Hunsaker failed to exhaust available administrative remedies." Id. We also rejected Hunsaker's assertions that administrative remedies, in the form of inmate grievance procedures, were effectively unavailable to him for two reasons: First, Hunsaker never submitted a sworn statement or any other evidence to substantiate this assertion. Second, we refused to consider handwritten quotes of prison regulations as evidence of unavailability of administrative remedies because he did not present those quoted regulations to the district court. Id.

Apparently dissatisfied with our refusal to consider his quoted prison regulations in his original appeal, Hunsaker attempted to introduce these quotes by another means.

---

[1] We construe Defendant's pro se filings liberally. See Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

He filed a Rule 60(b) motion for relief from judgment in the district court, arguing that newly discovered evidence—namely, his quoted prison regulations, and a letter denying his request for certain records—showed administrative remedies were not available to him and he therefore need not show exhaustion in order to amend his complaint. The district court denied this motion stating: "Plaintiff argues nothing new to help his cause. Further, he has already unsuccessfully appealed this Court's judgment to the 10th Circuit."

## II.

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion." Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000). Furthermore, relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'" Id. (quoting Federal Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998)).

## A.

The district court in its terse order appears to have rested its denial of Hunsaker's Rule 60(b) motion on two alternative theories. Insofar as the court reasoned that Hunsaker had already unsuccessfully appealed to us the judgment he now seeks relief from, the court failed to realize that Hunsaker's argument for Rule 60(b) relief is based on the introduction of new evidence, see Fed. R. Civ. P. 60(b)(2), evidence we explicitly refused to consider for the first time in his direct appeal, see Hunsaker, 520 F. App'x. at 719. Nevertheless, having now reviewed this "new evidence," we agree with the district

3

court that it does not provide anything new to help Hunsaker's cause, let alone establish the exceptional circumstances necessary to warrant Rule 60(b) relief.

B.

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for violation of his federally protected rights. See 42 U.S.C. § 1997e(a). In our previous order, we noted, that "an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." Hunsaker, 520 F. App'x. at 719 (quoting Tuckel v. Grover, 660 F.3d 1249, 1252 (10th Cir. 2011)). Nevertheless, we concluded that "[t]here is no question that Hunsaker failed to exhaust available administrative remedies." Id. Hunsaker's "new evidence" does nothing to convince us otherwise.

Hunsaker's first proffer, his handwritten quotes of prison regulations concerning inmate grievance policy and procedure, actually undermines his unavailability argument. These handwritten copies likely do not constitute admissible evidence under the best evidence rule. See Fed. R. Evid. 1001–04. Even assuming the actual prison regulations were in evidence and said exactly what Hunsaker wrote down, however, they still in no way tend to show administrative remedies were unavailable to Hunsaker or that officials hindered his efforts to seek an administrative remedy. Indeed, the quoted procedures state, "The scope of available administrative remedies is broad . . . ." and "Any member may provide grievance forms to inmates." Thus, according to Hunsaker's own proffered materials, administrative remedies were very much available to him.

4

Hunsaker's second proffer is no more helpful. Recall that Hunsaker never submitted any sworn statement that he requested and was denied prison grievance forms—a sworn statement he easily could have submitted. In his motion for relief from judgment, however, he attached a request for records—dated March 19, 2012—and a response—dated March 28, 2012—from Utah's Department of Institutional Operations denying this request. The response explains to Hunsaker that the records he requested were readily available in the Inmate Reference Library and directs him to ask his case manager if he needs help finding them. First, we fail to see how this response to a 2012 request rendered his ability to file a grievance back in 2006 unavailable. Furthermore, Hunsaker nowhere asserts that he asked his case manager to provide these materials and was rebuffed, ignored, or denied access. Hunsaker ultimately admits in his reply brief that, at most, this "new evidence" shows "he had a hard time getting copies of the Prison Policy and Procedure on Inmate Grievances while he was in Weber County Jail." Aplt's Reply at 1.

Hunsaker has again utterly failed to produce any evidence that administrative remedies were unavailable to him, or of official misconduct in an attempt to prevent, thwart, or hinder his efforts to avail himself of these administrative remedies. See Hunsaker, 520 F. App'x. at 719 (concluding the same). Indeed, his "new evidence" tends to show quite the opposite. The district court therefore did not err in denying Hunsaker's Rule 60(b) motion for relief from judgment. Hunsaker also claims once again that the district court erred by not allowing him to amend his complaint. This claim, however, we fully resolved (and rejected) in his previous appeal. See id.

5

Accordingly, we AFFIRM the district court's judgment, DENY Hunsaker's motion to proceed *in forma pauperis,* and order immediate payment of the filing fee.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge